# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY NICHOLAS TAGLIERE,<br><br>    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br><br>    Defendant. | Case No. 2:21-cv-00481-NJK<br><br>**ORDER**<br><br>[Docket Nos. 32, 34] |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act. Currently before the Court is Plaintiff's Motion for Reversal and/or Remand. Docket No. 32. The Commissioner filed a response in opposition and a cross-motion to affirm. Docket Nos. 34, 35. Plaintiff filed a reply. Docket Nos. 36, 38 (corrected image). The parties consented to resolution of this matter by the undersigned magistrate judge. *See* Docket No. 3.

**I.  STANDARDS**

    A.  Disability Evaluation Process

The standard for determining disability is whether a social security claimant has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 1382c(3)(A). The disability determination is made by following a five-step sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). The first step addresses whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b).[1] The second step addresses whether the claimant has a medically determinable impairment that is severe or a combination of impairments that significantly limits

---
[1] The five-step process is largely the same for both Title II and Title XVI claims. For a Title II claim, however, a claimant must also meet insurance requirements. 20 C.F.R. § 404.130.

basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). The third step addresses whether the claimant's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. There is then a determination of the claimant's residual functional capacity, which assesses the claimant's ability to do physical and mental work-related activities. 20 C.F.R. §§ 404.1520(e), 416.920(e). The fourth step addresses whether the claimant has the residual functional capacity to perform past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f). The fifth step addresses whether the claimant is able to do other work considering the residual functional capacity, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g).

B. Judicial Review

After exhausting the administrative process, a claimant may seek judicial review of a decision denying social security benefits. 42 U.S.C. § 405(g). The Court must uphold a decision denying benefits if the proper legal standard was applied and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Substantial evidence is "more than a mere scintilla," which equates to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, ___ U.S. ___, 139 S.Ct. 1148, 1154 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id.*

II. BACKGROUND

A. Procedural History

On May 25, 2017, Plaintiff filed an application for disability insurance benefits and supplemental security income with an onset date of July 25, 2015. *See, e.g.,* Administrative Record ("A.R.") 345-61. On January 16, 2018, Plaintiff's claims were initially denied. A.R. 161-62. On May 3, 2018, Plaintiff's claims were denied on reconsideration. A.R. 203-04. On May 11, 2018, Plaintiff filed a request for a hearing before an administrative law judge. A.R. 236-37. On May 21, 2020, Plaintiff, Plaintiff's representative, and a vocational expert appeared for a hearing before ALJ Cynthia R. Hoover. *See* A.R. 55-94. On June 25, 2020, the ALJ issued an unfavorable

decision finding that Plaintiff had not been under a disability through the date of the decision. A.R. 34-54. On February 9, 2021, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. A.R. 1-6.

On March 23, 2021, Plaintiff commenced this action for judicial review. Docket No. 1.

B. <u>The Decision Below</u>

The ALJ's decision followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920 A.R. 37-47. At step one, the ALJ found that Plaintiff met the insured status requirements through December 31, 2017, and has not engaged in substantial gainful activity since the alleged onset date. A.R. 39. At step two, the ALJ found that Plaintiff has the following severe impairments: post-traumatic stress disorder ("PTSD"), attention deficit hyperactivity disorder ("ADHD"), depressive disorder, and anxiety disorder. A.R. 39-40. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 40-42. The ALJ found that Plaintiff has the residual functional capacity to

> perform a full range of work at all exertional levels but with the following nonexertional limitations: he can understand and remember simple, but not detailed instructions or work procedures, characteristic of the unskilled occupational base. He is able to maintain concentration, persistence, and pace to complete simple tasks in a well-spaced, non-threatening work setting. He is able to interact appropriately in brief, infrequent, non-intensive encounters. He can frequently reach with the left non-dominant hand.

A.R. 42. *See also* A.R. 42-45. At step four, the ALJ found Plaintiff is unable to perform past relevant work as a delivery driver. A.R. 45-46. At step five, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform based on his age, education, work experience, and residual functional capacity. A.R. 46-47. In doing so, the ALJ defined Plaintiff as a younger individual aged 18-49 at the time of the alleged disability onset date, and as having at least a high school education. A.R. 46. The ALJ found the transferability of job skills to be immaterial to the determination of disability. A.R. 46. The ALJ considered the Medical-Vocational Rules, which provide a framework for finding Plaintiff not disabled, along with

vocational expert testimony that an individual with the same residual functional capacity and vocational factors could perform work as a janitor, uniform attendant, and laundry worker. A.R. 46-47.

Based on all of these findings, the ALJ found Plaintiff not disabled through the date of the decision. A.R. 47.

**III.   ANALYSIS**

Plaintiff raises a single issue on appeal, asserting that the ALJ erred in discounting Dr. Short's opinion about Plaintiff "appear[ing] not to retain sufficient cognitive resources to sustain even simple employment at this time." Docket No. 32 at 5-12. Plaintiff submits that the ALJ ignored this opinion and, as a result, the ALJ's decision as to Plaintiff being not disabled lacks the support of substantial evidence. *Id.* at 10. Plaintiff asks the Court to order the immediate payment of benefits or, alternatively, to remand the case for further administrative proceedings. *Id.* at 13. In response, the Commissioner submits that the ALJ properly considered Dr. Short's opinion, as the evaluation was proper under the governing regulations for assessing medical opinions, and the ALJ's determination was supported by substantial evidence. Docket No. 34 at 4-17. The Commissioner further submits that the statement in contention was not a medical opinion as defined by the regulations but was an opinion about Plaintiff's ultimate disability status, which is an issue reserved for the Commissioner, and so the ALJ properly declined to speak on the statement. *Id.* at 11-17.

The new agency regulations, effective March 27, 2017, apply to Plaintiff's case. Under these new regulations, the ALJ will no longer "give any specific evidentiary weight, including controlling weight, to any medical opinion(s)…" 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. *Id.* When evaluating the persuasiveness of medical opinions, the ALJ must consider factors articulated in the regulations, including supportability, consistency, relationship with the claimant, specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding," including but not limited to "evidence showing a medical source has familiarity with the other evidence in

4

the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(b)(2). The two most important factors in this assessment are consistency and supportability and the ALJ must explain how both factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ can, but is not required to, discuss how the other factors were considered. *Id.* If the medical opinion includes evidence on an issue reserved to the Commissioner, the ALJ need not provide an analysis of the evidence in her decision, even in the discussions required by 20 C.F.R. §§ 404.1520c, 416.920c. *See* 20 C.F.R. §§ 404.1520b(c)(3), 415.920b(c)(3).

Under the regulations, a medical opinion is "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in abilities." 20 C.F.R. § 404.1513(a)(2). Judgments about "the nature and severity of [a claimant's] impairments, [his] medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis" are all considered "other medical evidence" under the regulations and are not considered medical opinion because they do not provide perspectives about the claimant's functional limitations and abilities. *See* 20 C.F.R. § 404.1513(a)(c), 81 F.R. 62562.

The Court finds that Plaintiff's challenge to the ALJ's discounting of parts of Dr. Short's opinion and medical evidence fails. The ALJ properly considered Dr. Short's opinions in light of the amended regulations and considered both the consistency and supportability of his medical opinions and in consideration with the other medical opinions available to her. In her evaluation of Dr. Short's opinion, the ALJ specifically found that Dr. Short's opinion on a simple instructions limitation was supported by Dr. Short's own examination findings that Plaintiff has good memory but poor concentration. A.R. 44. The ALJ further found that Dr. Short's finding about Plaintiff's inability to interact with others was unsupported because Dr. Short did not articulate any examination findings to support this limitation. A.R. 45. The ALJ also specifically found that Dr. Short's opinion about Plaintiff's difficulty in responding appropriately to work pressure in a work setting was consistent with Plaintiff's treatment records. *Id.* The ALJ found these findings consistent with both other medical opinions and the evidence in the record. A.R. 44-45.

5

The ALJ's evaluation of Dr. Short's various opinions is supported by substantial evidence. As the ALJ explained, a simple instructions limitation was supported by the testing that Dr. Short undertook as part of his evaluation. A.R. 44. Treatment notes, other assessments, and evidence from lay witnesses also support a finding that Plaintiff has difficulty understanding complex instructions and has an easier time understanding simple instructions. *See e.g.,* A.R. 362, 419, 428-29, 901, 903, 907, 911, 915, 919, 923. The Court finds that substantial evidence supports the ALJ's determination about Plaintiff's inability to interact with others. As the ALJ discussed, Dr. Short's examination did not include findings to support this limitation. Further, treatment notes and the Plaintiff's own testimony at the hearing contradict this purported limitation. Treatment notes consistently describe Plaintiff as "calm and cooperative," "well-related," "engaged," and "attentive." *See, e.g.,* A.R. 612, 615, 676, 678, 680, 774, 777, 780, 783, 786, 789, 791-92, 802-03, 905, 909, 917-18. Plaintiff testified and provided evidence that he was able to volunteer in the community, go to the store, socially interact with others in person and on the phone, attend religious services, and take public transportation. *See, e.g.,* A.R. 73-74, 83-84, 135-36, 193-95, 392-93, 418, 426-27. The ALJ, in weighing the acceptable medical opinions, found Dr. Wright, a state agency consultant, more persuasive than Dr. Short on discussion of potential limitations for Plaintiff's interactions with others. A.R. 45. In discussing this finding, the ALJ looked to Dr. Wright's opinion that Plaintiff's main limitation was acceptance and tolerance of others, which could be improved with treatment. A.R. 174. Dr. Short's own functional assessment, other treatment notes, and Plaintiff's hearing testimony are consistent with discounting a limitation of interacting with others. A.R. 41, 65, 75, 84-85, 393, 395, 418-20, 427-29, 599, 604-06, 771, 774, 780, 803. The ALJ properly followed the guidance of the regulations in assessing the available evidence and experts and determining that one was more persuasive than others. Further, the ALJ pointed to the specific evidence in the record supporting her determination that Dr. Wright is the more persuasive expert. A.R. 45.

Plaintiff's main contention with the ALJ's decision is his belief that the ALJ improperly omitted Dr. Short's statement that Plaintiff appeared "not to retain sufficient cognitive resources to sustain even simple employment" at the time of Dr. Short's evaluation. Docket No. 32 at 7-13.

Plaintiff is mistaken. The Court finds that the ALJ properly excluded this statement from her opinion. The statement is best understood as a judgment about the nature and severity of Plaintiff's impairments, and is, therefore, other medical evidence under the regulations and not medical opinion. While there is an articulation requirement for medical opinions, *see, e.g.,* 20 C.F.R. § 404.1520c, the regulations are silent on whether or not an ALJ must specifically articulate her consideration of other medical evidence.

Further, the statement goes to Plaintiff's ability to work, which is explicitly excluded from discussion by the ALJ as it is not inherently valuable or persuasive. *See* 20 C.F.R. § 404.1520b(c)(3)(i) (excluding from consideration or discussion "statements that you are or are not disabled, blind, able to work, or able to perform regular or continuing work"), 20 C.F.R. § 415.920b(c)(3)(i) (same). ALJ articulation is therefore prohibited. 20 C.F.R. § 404.1520b(c).

Moreover, this statement is unlike the statement at issue in *Margaret M. v. Comm'r. of Soc. Sec.*, 2021 U.S. Dist. LEXIS 127378, 2021 WL 2853654 (D. Or. July 8, 2021), the sole case on this issue on which Plaintiff relies in his briefing. In *Margaret M.*, the Court found that an ALJ had inappropriately discounted an expert's opinion that the plaintiff was unable to engage in an "8 hour per day job with normal breaks on a 5 day per week basis," and the conclusion that "Plaintiff experiences monthly flareups," because the ALJ failed to cite relevant medical evidence in the record and did not discuss supportability or consistency when evaluating the opinion. 2021 U.S. Dist. LEXIS 127378, at *19-20, 2021 WL 2853654, at *8. Here, as discussed above, the ALJ properly discussed both consistency and supportability, relying on the available record and citing to relevant medical evidence. The ALJ properly omitted discussion of Dr. Short's statement under the regulations. There was no error in the ALJ's analysis of Dr. Short's medical opinions as her analysis properly evaluated Dr. Short's articulated medical opinions and her analysis is supported by substantial evidence.

### III. CONCLUSION

Based on the forgoing, the Court **DENIES** the motion for reversal or remand (Docket No. 32) and **GRANTS** the countermotion to affirm (Docket No. 34). The decision below is

**AFFIRMED**.  The Clerk's Office is instructed to **ENTER FINAL JUDGMENT** accordingly and to **CLOSE** this case.

IT IS SO ORDERED.

Dated: February 17, 2022

_____
Nancy J. Koppe
United States Magistrate Judge